**SCOVILLE REALTY, INC., and Janet Scoville, Appellants–Plaintiffs,**

v.

**David M. MYERS d/b/a A Progressive Realty, Elkhart County Board of Realtors, Inc., and Indiana Association of Realtors, Inc., Appellees–Defendants.**

No. 20A03–9712–CV–408.

Court of Appeals of Indiana.

Aug. 26, 1998.

John R. Frechette, Elkhart, for Appellants–Plaintiffs.

**OPINION ON REHEARING**

FRIEDLANDER, Judge.

In a published opinion, this court affirmed the trial court's determination that a dispute between the appellants and the appellees should be submitted to arbitration before the Indiana Association of Realtors (IAR). *See Scoville Realty, Inc. v. Myers,* 694 N.E.2d 1152 (Ind.Ct.App.1998). We refer the reader to our prior opinion for a recitation of the facts. Upon petition for rehearing, Scoville contends that our previous opinion was in error in several respects. We will address only one of those contentions.

In the original appeal, Scoville argued that the trial court erred in ordering that the matter be resubmitted to arbitration before IAR after the original arbitrator, the Elkhart County Board of Realtors (ECBOR), determined that it was not qualified to arbitrate because of the legal complexity of the subject matter. Scoville argued that Part IV § 29 of the Code of Ethics and Arbitration Manual called for automatic termination of the obligation to arbitrate upon ECBOR's conclusion that the matter was too complex. We could not address the relevance of Part IV § 29 in that regard because it was not included in the record. Upon petition for rehearing, Scoville informs this court that it had inadvertently misidentified the provision in ques-

tion. In fact, Scoville intended to refer our attention to Part V § 29. That provision is in the record and we will address the argument on the merits.

Part V § 29 states, in pertinent part:

> If either the Grievance Committee or the arbitration panel selected in the manner hereinafter provided determines that because of the amount involved or the legal complexity of the controversy the dispute should not be arbitrated, the arbitration shall automatically terminate unless either of the parties to the controversy appeals the decision to terminate the proceedings to the Board of Directors within twenty (20) days of the date of notice that the Grievance Committee or the arbitration panel declined to continue the proceeding.

*Record* at 108. Scoville contends that, according to § 29, if ECBOR finds that a grievance is too legally complex to arbitrate, arbitration automatically terminates. We agree that such is the meaning of the provision in question. We disagree, however, with Scoville's assertion that ECBOR decided that the grievance was too complex for arbitration. ECBOR did not determine that the matter should not be arbitrated. Rather, ECBOR appears to have decided that the legal complexity of the dispute placed it beyond *that body's* ability to arbitrate. Such, however, did not constitute a finding that the matter was too complex for resolution by arbitration. To the contrary, it referred the matter to IAR. Accordingly, the condition triggering the mandatory termination of arbitration, as set out in Part V § 29, did not occur. The trial court did not err in this regard.

Subject to the foregoing comments, Scoville's petition for rehearing is denied.

KIRSCH, J., concurs.

SULLIVAN, J., dissents with separate opinion.

SULLIVAN, Judge, dissenting.

I would grant rehearing in order to modify the original majority opinion so as to pre-

clude re-arbitration by any set of arbitrators appointed by, or allied with, either ECBOR or IAR, as per my original dissent.

I would further grant rehearing in order to consider and render a decision upon Scoville's argument upon rehearing that IAR determined that arbitration was mandatory and therefore arbitration was not merely "appropriate" or "voluntary" on the part of Scoville.[1] In my view, however, the resolution of that issue would not change the result of the earlier decision of this court to permit re-arbitration of the dispute.

---

1. The original majority opinion stated that Scoville had "voluntarily agreed to arbitration pursuant to the Rules." *Scoville Realty, Inc. v. Myers* (1998) Ind.App., 694 N.E.2d 1152, 1156.